```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

ROBERT SILVEY,

                Plaintiff,

                                          CIVIL CASE NO. 04-40083

v.

FORD MOTOR COMPANY,                    HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                Defendant.
_____/

**ORDER**

    On December 7, 2004, the Court granted Plaintiff's counsel's motion to withdraw as attorney.  In so doing, the Court ordered Plaintiff either to obtain new counsel or file a notice of self-representation within thirty days.  After Plaintiff failed to exercise either option, Defendant filed a motion for an order to show cause why the case should not be dismissed for failure to prosecute, which the Court granted on March 8, 2005.  The Court ordered Plaintiff to show cause in writing, within twenty-one days, why his complaint should not be dismissed for failure to prosecute.  On April 8, 2005, after Plaintiff failed to respond to the order to show cause, Defendants filed a motion to dismiss for lack of prosecution.  In reviewing the motion to dismiss, however, the Court noticed a possible defect in the service of the Court's order to show cause: the Court's order was served on Plaintiff's former

counsel, who had previously been dismissed, instead of Plaintiff himself.  Therefore, on April 11, 2005, the Court ordered that its order to show cause be served on Plaintiff, himself, and that the time to respond to that order be extended.

Plaintiff responded to the order to show cause within the time provided, though the response was filed by the Court on May 17, 2005.  Plaintiff's response to the order to show cause is a letter.  The letter details the difficulties Plaintiff had with his former attorney.  The letter also briefly mentions that they have unsuccessfully sought the counsel of three individual attorneys and asks that the Court provide Plaintiff with legal advice.

As for Plaintiff's request for legal advice, the Court is not at liberty to give legal advice, for to do so would violate Cannon 3 of the Code of Conduct for United States Judges, which requires that a judge exercise the duties of his office impartially.  In addition, Plaintiff's letter, which was not accompanied by proof of service, is an ex parte communication; that is, the letter is only from one party "without notice to or argument from the adverse party," in this case the Defendant.  See Black's Law Dictionary 597 (7th ed. 1999).  According to Canon 3(A)(4) of the Code of Conduct for United States Judges, the Court may not consider the merits of such ex parte communication.  Instead, given Plaintiff's statement that he is on the verge of a financial breakdown, the Court will

construe Plaintiff's letter as a request for court appointed counsel. See E.D. Mich. LR 1.2.

Nevertheless, indigence alone is insufficient to warrant the appointment of counsel. As the Sixth Circuit has noted, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)(internal quotations and citations omitted). Plaintiff has not described any detailed reasons indicating an exceptional need for appointed counsel. After examining the complaint and the filings to date, the Court does not find exceptional circumstances in this case warranting the appointment of counsel.

Finally, Plaintiff's letter is an inadequate response to this Court's order to show cause. It does not explain why Plaintiff has failed to prosecute his case since the withdrawal of his attorney on December 7, 2004. Plaintiff's reason why three other attorneys do not wish to represent Plaintiff, that Plaintiff's former attorney did not handle the case properly, is insufficient to explain why Plaintiff himself has not taken any action or filed a notice of self-representation as ordered by the Court. Thus, because Plaintiff has failed to show cause why this action should not be dismissed for failure to prosecute, the Court will dismiss Plaintiff's complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of prosecution [docket entry 23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointed counsel, construed from his letter filed May 17, 2005, is **DENIED**.

**IT IS FURTHER ORDERED** that this action, no. 04-40083 is **DISMISSED without prejudice**.

**SO ORDERED.**

Dated:     May 18, 2005            s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on     May 18, 2005    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Margaret C. Alli; James K. Fett; William B. Forrest; Elizabeth P. Hardy    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Robert Silvey                 .

                                   s/Ruth A. Brissaud
                                   Ruth A. Brissaud, Case Manager
                                   (810) 341-7845

4